UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALDEN DOUGLAS**,

Petitioner,

v.

**MAGGIE BEIGHTLER,** Warden**,**

Respondent.

Case No. 1:09 CV 2667

Judge Christopher A. Boyko

REPORT AND RECOMMENDATION

Magistrate Judge James R. Knepp II

**Introduction**

*Pro se* Petitioner Alden Douglas, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a Return of Writ (Doc. 9) with attached exhibits (Docs. 9-1 – 9-8). Petitioner filed a Traverse. (Doc. 14). Petitioner has also filed a motion for appointment of counsel, to which Respondent has not responded. (Doc. 8). The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This case was referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Petition be denied.

**Background**

***Factual Background***

The Ohio Eighth District Court of Appeals set forth the facts of this case on direct appeal. These factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

[*Repeat Violent Offender Specification*]

[¶ 7] On June 1, 2006, the court conducted a bench trial on the notice of the prior conviction and the repeat violent offender specification in the indictment. On the issue of physical harm, the state presented one witness, Officer Elliot Longley from the Bratenahl Police Department. The defense did not present witnesses. Longley testified regarding case number CR-368551, in which appellant was convicted of a felonious assault. On or about September 15, 1998, Longley responded to a call regarding a stolen Chevy van. According to Longley, appellant engaged Cleveland and Bratenahl police in a high-speed chase where bystanders' cars crashed because appellant drove recklessly to avoid apprehension. After the chase, appellant drove his vehicle onto a dead-end street and crashed into a guardrail. From there, appellant fled on foot despite commands from the police to stop and surrender.

[¶ 8] Longley testified that appellant scaled a barbed-wire fence and that he could see an object in appellant's hand, but was unable to determine what the object was. While following appellant over the fence, Longley punctured his hands and abdomen [on the barbed-wire], causing physical harm. Longley then heard gunshots fired at him from the direction appellant had run. Longley testified that he believed appellant was shooting at him.

****

[*Felonious Assault Charges*]

[¶ 12] The facts that gave rise to this case arose on February 20, 2004, at approximately 4:27 a.m. Members of the Cleveland Heights Police Department responded to the Cedar Road residence of Sheila Carlisle regarding a report of an intruder in her home. Upon arrival, the officers found the victim, Grady Evans, bleeding from the side of his head. Evans told police he had been assaulted.

[¶ 13] Evans testified that he was romantically involved with Carlisle, and alter learned that appellant was also dating Carlisle. While Evans was visiting Carlisle that night, she talked with appellate four to six times on the phone. In one of the phone calls, Evans overheard Carlisle say to Douglas, "Grady's here. We ran out of wine, and we need a lot more raincoats [condoms], ha ha ha."

[¶ 14] Police searched Carlisle's home and discovered that the power box supply switch had been turned off in the basement. Police also learned that appellant was a friend of the Carlisle family and lived in a home directly behind the Carlisle residence. Fresh footprints led to and from appellant's house to Carlisle's home. Appellant was arrested and gave a statement admitting culpability shortly afterward. According to appellant, he had an arrangement with Carlisle's family that they may enter each other's homes at any time.

> [¶ 15] Appellant also admitted that he entered the residence through an unlocked door, went into the basement, and turned off the electrical power to the house. He did this because he anticipated fighting with the victim and did not want Carlisle's children to witness the fight. Appellant also admitted that he used a rock to strike Evans in the head.
>
> [¶ 16] The attack left Evans with a severe head injury, which required extensive medical care, including stitches. His neck was noticeably swollen, he had a compression fracture, and a broken vertebrae. He was placed in intensive care until his condition stabilized, and he was then transferred to the Cleveland Clinic. It took him almost a year to fully recover.
>
> [¶ 17] Sheila Carlisle testified that she did not have a sexual relationship with Evans and did not know why he told others they were engaged. According to Carlisle, their relationship centered solely on the use of drugs. She testified that on the night of February 19, 2004, Evans came over to use drugs. She spoke to appellant on the phone a few times, teasing him and saying he could not come over.
>
> ****
>
> [*Conviction*]
>
> [¶ 21] Appellant was convicted of two counts of felonious assault, with repeat violent offender specifications. The underlying offense for the repeat violent offender specification was appellant's guilty plea and conviction for felonious assault, a felony of the second degree, in CR-368551 . . . .

Doc. 9-2, at 98-102; *State v. Douglas*, 2007 WL 1559545 (Ohio Ct. App.) (*Douglas II*).

***First State Conviction and Appeal***

On March 24, 2004, a Cuyahoga County Grand Jury indicted Petitioner on two counts of felonious assault, in violation of Ohio Revised Code 2903.11(A)(1) and (2), with a notice of prior conviction and a repeat offender specification on each count. (Doc. 9-1, at 1-2). Petitioner, through counsel, pleaded not guilty to all charges. (Doc. 9-1, at 3). On August 25, 2004, Petitioner withdrew his not guilty plea and pleaded guilty to count two as charged in the indictment, and count one was "nolled." (Doc. 9-1, at 4). The trial court accepted the plea. On September 28, 2004, Petitioner moved to withdraw his guilty plea. (Doc. 9-3, at 113). On October 27, 2004, the trial

court denied Petitioner's motion to withdraw his plea. (Doc. 9-1, at 39-40). The trial court sentenced Petitioner to four years' incarceration. (Doc. 9-3, at 112).

In a separate case, Petitioner was indicted on one count of attempted grand theft of a motor vehicle, a fifth degree felony. (Doc. 9-1, at 5). On June 15, 2004, Petitioner pleaded not guilty to this charge. (Doc. 9-1, at 6). On August 25, 2004, Petitioner, through counsel, withdrew his not guilty plea and pleaded guilty to the charge. (Doc. 9-1, at 7). The trial court accepted the plea. On September 21, 2004, Petitioner moved *pro se* to withdraw his guilty plea. (Doc. 9-1, at 8). On the same date, a letter sent by Petitioner to the judge was filed. It stated Petitioner wanted to withdraw his guilty plea and dismiss his public defender whom he alleged coerced him into the guilty plea.[1] (Doc. 9-1, at 10-14).

On October 27, 2004, the trial court held a hearing on Petitioner's motions to withdraw guilty pleas in both cases. (Doc. 9-1, at 39-40). The trial court denied the withdrawal, and on the same day sentenced Petitioner to four years for felonious assault with notice of prior conviction and repeat violent offender specification in case number CR-04-449904-ZA, and to one year for grand theft in case number CR-04-452746-A. (Doc. 9-1, at 41-42). These sentence were ordered to be run concurrently. *Id.*

Petitioner, through counsel, filed a notice of appeal in both cases to the Ohio Eighth District Court of Appeals. (Doc. 9-1, at 43-75). The appeals court consolidated the cases for briefing, and reversed the conviction, finding that the trial court failed to properly inform Petitioner of post-release control in accepting his plea. *State v. Douglas*, 2006 WL 302134 (Ohio Ct. App.) (*Douglas*

---

[1]The text of this letter indicates Petitioner wished to withdraw his guilty plea in both cases.

*I*).

***Second State Conviction and Appeal***

On remand, Petitioner demanded a trial on the felonious assault charges but pleaded guilty to attempted grand theft of a motor vehicle. The jury convicted Petitioner of two counts of felonious assault as charged in the indictment. (Doc. 9-1, at 134). Petitioner waived his right to a jury trial for the repeat violent offender specification and notice of prior conviction attached to the felonious assault charges. The trial court found Petitioner guilty of the specifications as charged. (Doc. 9-2, at 1-3). On June 1, 2006, the trial court sentenced Petitioner to a total of twelve years in prison.

On June 28, 2006, Petitioner, again through counsel, filed an appeal of the trial court's decision made on June 1, 2006. He presented two assignments of error:

1. When the trial court convicted [Petitioner] as a repeat violent offender without sufficient evidence that his acts resulted in "physical harm to a person," it deprived him of his liberty without due process of law.
2. When ample evidence suggested that [Petitioner] committed his offense while in a fit of rage, the trial court erred in refusing to instruct the jury on lesser offense of aggravated assault.

(Doc. 9-2, at 19-49). The Court of Appeals affirmed the June 1, 2006 trial court decision. (Doc. 9-2, at 95-106; *State v. Douglas*, 2007 WL 1559545 (Ohio Ct. App.) (*Douglas II*)).

***First Application for Delayed Reopening of Appeal, Remand, and Re-sentencing***

On July 20, 2007, Petitioner filed an application for delayed reopening of his appeal pursuant to Ohio Appellate Rule 26(B). (Doc. 9-2, at 107-14). Petitioner raised the following assignments of error:

1. RVO Statu[t]e RC 2941.149 ORC 2929.14 Deemed unconstitutional
2. Post release control on RC 2967.38 The max is 3 years not 5 years.
3. The court [erred] in denying request for a Jury Instruction charging a lesser offense of [aggravated] assault
4. The court [erred] in re-sentencing to a 12 year sentence punishing the defendant for

exercising his constitutional rights.

5. [Petitioner's] counsel did not conform to the standards of his profession. [Petitioner's] counsel did not represent defendant diligently and effectively at the trial court level, not the appellate court level.

*Id.* On November 7, 2007, the Court of Appeals granted Petitioner's application to reopen, reinstated the appeal, vacated and remanded for re-sentencing pursuant to the second assignment of error. (Doc. 9-2, at 122-35; *State v. Douglas*, 2007 WL 3286902 (Ohio Ct. App.) (*Douglas III*)).

On remand, the trial court held a re-sentencing hearing. The trial court again sentenced Petitioner to twelve years, but corrected the amount of time of post release control to three years. (Doc. 9-2, at 136-37).

***Third State Appeal***

On February 14, 2008, Petitioner, through counsel, filed his third appeal, this time from the corrected sentence he received correcting his post release control. (Doc. 9-3, at 1-23). Petitioner set forth eight assignments of error as recited by the state appellate court in its decision:

1. His conviction was against the manifest weight of the evidence;
2. He was denied due process of law because the trial court sentenced him to the maximum sentence;
3. The trial court erred when it sentenced him to more than the minimum sentence;
4. He was denied effective assistance of counsel for not objecting to misconduct and for not dismissing on grounds of "inconsistent and concocted testimony."
5. The trial court erred when it enhanced his sentence;
6. The trial court erred when it sentenced him as a repeat violent offender;
7. There was insufficient evidence to convict him;
8. He was denied ineffective assistance of appellate counsel.

(Doc. 9-3, at 42-43; *State v. Douglas*, 2009 WL 626090, ¶¶ 8-15 (Ohio Ct. App.) (*Douglas IV*)). On March 12, 2009, the court of appeals affirmed the trial court's judgment. *Id.* On March 25, 2009, Petitioner moved the appellate court for reconsideration, stating that: "Claims were not thoroughly considered and the obvious error presented in my appeal was not addressed." (Doc. 9-3, at 50-53).

The court denied reconsideration on March 26, 2009. (Doc. 9-3, at 54).

Petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. 9-3, at 55-56). In his memorandum in support of jurisdiction, Petitioner asserted the following proposition of law: "My due process rights [were] violated when I was falsely charged with [an] extra count of Felonious Assault, thus violating my 5th Amendment." (Doc. 9-3, at 57-65). The state filed a waiver memorandum in response. (Doc. 9-3, at 78). On July 29, 2009, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 9-3, at 79).

***Second Application for Delayed Reopening of Appeal***

On March 26, 2008, Petitioner filed an application for delayed reopening of his appeal pursuant to Ohio Appellate Rule 26(B). (Doc. 9-3, at 80-95). In his application, Petitioner raised the following assignment of error: "Post release control on RC 2967128 the max is 3 years not 5 years." *Id.* The State filed a memorandum in opposition. (Doc. 9-3, at 96-101). Petitioner replied. (Doc. 9-3, at 102-04). On June 24, 2008, the court of appeals denied the application. (Doc. 9-3, at 105).

***The Instant Petition***

Petitioner filed the instant Petition for a writ of habeas corpus *pro se* on November 13, 2009. His grounds for relief are summarized as follows:

1. Jury did not find the facts to support a maximum sentence – "In my case the facts to support a maximum 8 yr sentence was not reflected in the jury verdict, and was not admitted by me. The court erred by giving me a maximum sentence."

2. Ineffective counsel by misrepresentation – "Counsel failed to object to the mandatory sentence of 8 yrs for felonious assault, and did not object to the jury selection system. Counsel failed to use grand jury minutes to refute the victims conflicting testimony."

3. Unlawful sentence enhancement – "The jury did not determine viciousness of prior

act which is needed by law to give a defendant an R.V.O. enhancement. The prior act in my case consisted of an automobile accident – (No viciousness)."

4. Insufficient evidence; evidence does not support a conviction – "The prosecutor for the state failed to present evidence that proved every element presented on the indictment. The alleged offenses were not proven beyond a reasonable doubt."

(Doc. 1).

**Discussion**

***Ground One – Maximum Sentence***

Petitioner objects to his eight year sentence on his conviction for felonious assault. The sentencing range for felonious assault is two to eight years. Ohio Rev. Code §§ 2903.11(D)(1)(a) & 2929.14(A)(2).

Federal habeas relief is not available for any "perceived error[s] of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). In his first ground, Petitioner only alleges violations of state law, not a violation of the U.S. Constitution or federal law. This is evident in Petitioner's Traverse, where in addressing this ground, he states: "Petitioner claims his argument is cognizable in a Federal Habeas proceeding due to the error in *State Law* of Sentencing." (Doc. 14, at 6) (emphasis added). Petitioner then cites only state law in support of his first ground – two sections of the Ohio Revised Code and two Ohio Supreme Court decisions addressing Ohio law – and never identifies a provision of federal law upon which this ground is based. Further, there is nothing of constitutional significance in Petitioner's sentence implicating *Blakely v. Washington*, 542 U.S. 296 (2004).

***Ground Two – Ineffective Assistance of Counsel***

Ground Two raises an ineffective assistance of counsel argument. Petitioner first raised a general "ineffective overall" assistance of counsel claim in *Douglas III*. The Ohio Court of Appeals in *Douglas IV* held Petitioner could not then raise a more specific ineffective assistance of counsel

argument, because he should have raised it *Douglas III* and it was thus barred by *res judicata*. *Douglas IV*, 2009 WL 626090, at ¶¶ 18-19. Petitioner's current ineffective assistance argument mirrors that brought in *Douglas IV*, and is procedurally defaulted by reason of *res judicata* as described in the Court of Appeals' decision in *Douglas IV*.

There is a four-step test to determine if a claim is procedurally defaulted:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it.
2. The Court then determines whether the state courts actually enforced their procedural sanction.
3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review.
4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Ohio courts apply, and here applied, *res judicata*. *See, e.g., State v. Cole,* 2 Ohio St. 3d 112, 113-4 (1982). Thus the first two steps are met. Further, the Sixth Circuit has held *res judicata* is an adequate and independent ground on which the state may rely to foreclose federal review. *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008) (holding Ohio's application of *res judicata* pursuant to *Cole* is an actually enforced, adequate and independent state ground on which Ohio state courts consistently refuse to review the merits of a defendant's claims). The third step is thus met.

In order to avoid the consequences of a procedural default on this ground, Petitioner must present cause to excuse the default. To establish cause, a petitioner must show that some factor external to the defense prevented his compliance with a state procedural rule. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). *Pro se* status is insufficient to establish cause. *Id.* Further, ignorance

of the law and the procedural requirements for filing a notice of appeal are insufficient to establish cause. *Id.* Petitioner has not presented any potential cause for his failure to raise his particularized ineffective assistance argument in *Douglas III*. Further, because Petitioner was *pro se* for both *Douglas III* and *Douglas IV*, it was *his* failure to present the defaulted argument in *Douglas III* which resulted in it barred by *res judicata* in *Douglas IV*. Regardless of whether Petitioner actually presented any argument about cause in the instant case, this Court sees no way in which Petitioner could argue there was cause.

Ground Two fails because it is procedurally defaulted.

***Ground Three – Repeat Violent Offender Specification***

In Ground Three, Petitioner argues the "jury did not determine [the] viciousness of prior act which is needed by law to give a defendant an [repeat violent offender sentence] enhancement." (Doc. 1, at 6). He further states that the prior act on which the enhancement was based was simply "an automobile accident" without "viciousness." (*Id.*). But Petitioner did not have a simple automobile accident – he pleaded guilty to felonious assault when he stole a vehicle and, in attempting to evade arrest, drove recklessly at high speed causing bystanders' vehicles to crash. Furthermore, "viciousness" is not required to impose the repeat violent offender specification. *See* Ohio Rev. Code § 2929.01(CC).

Like Ground One, this ground implicates a state law issue, one which has already been settled by the state courts in this case. Federal habeas relief is not available for any "perceived error[s] of state law." *Pulley*, 465 U.S. at 41. Moreover, this Court will defer to the state's interpretation of its own law, including an interpretation on direct review. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding a state court's interpretation of state law, including one announced on

direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus). The Ohio Court of Appeals set forth its interpretation of the state repeat violent offender law, applied it to Petitioner's appeal, and found that he met its criteria.

Furthermore, to the extent Petitioner is entitled to have a jury determine whether a repeat violent offender specification is appropriate, he explicitly waived that right. (Doc. 9-8, at 1).

***Ground Four – Insufficient Evidence***

Similar to Ground Two, Ground Four is procedurally defaulted. In *Douglas IV*, the Ohio Court of Appeals correctly held that this argument was barred by *res judicata* because Petitioner failed to raise it in *Douglas II*. For the same reason that Ground Two is procedurally defaulted, so too is Ground Four. The first three steps of the *Maupin* test are met, and Petitioner has not, and can not meet, offer any cause for the default.

***Petitioner's Motion for Appointed Counsel***

There is no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir.1987) ( "[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). The Criminal Justice Act authorizes federal magistrate judges to appoint counsel to a petitioner who brings a habeas petition under Sections 2241, 2254, or 2255. 18 U.S.C. § 3006A(a)(2)(B). Such an appointment is made only when "the interests of justice so require" and the person is financially eligible. *Id.* A district court does not abuse its discretion by declining to appoint counsel where the issues in the case are straightforward and capable of resolution on the record or the Petitioner has a good understanding of the issues and the ability to present forcefully and coherently his

contentions. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

Here, the issues are straightforward, and resolution is easily reached by examining the record, as described above. Therefore, an appointment is not appropriate in this case. Petitioner's motion is denied.

**Conclusion and Recommendation**

Grounds One and Three fail because they only raise state law issues. Grounds Two and Four are procedurally defaulted. Petitioner's motion for appointed counsel is denied. Further, Petitioner has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence. Finally, there has been no demonstrated need for an evidentiary hearing. The Petition should be denied and dismissed.

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).