**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **ALDEN DOUGLAS,** | ) | **CASE NO.1:09CV2667** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MAGGIE BEIGHTLER, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court on Petitioner Alden Douglas' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## <u>FACTS</u>

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In March 2004, the Cuyahoga County Grand Jury charged Petitioner with two counts of Felonious Assault with a Notice of Prior Conviction and a Repeat Violent Offender Specification on each count.  In a separate case, Petitioner was indicted on one count of Attempted Grand Theft of a Motor Vehicle.  On August 25, 2004, Petitioner pled guilty to count two, Felonious Assault,  as charged in the first indictment, and count one was dismissed. Petitioner also pled guilty to the charge of Grand Theft Motor Vehicle.   In September 2004, Petitioner moved to withdraw his guilty pleas. On October 27, 2004, the trial court sentenced Petitioner to four years for Felonious Assault with a Notice of Prior Conviction and Repeat Violent Offender Specification, and to one year for Grand Theft, to be run concurrently. The trial court denied Petitioner's Motion to Withdraw his plea.

Petitioner filed a Notice of Appeal in both cases to the Ohio Eighth District Court of Appeals.  The Court of Appeals consolidated the cases for briefing and reversed the conviction, finding that the trial court failed to properly inform Petitioner of Post-Release Control in accepting his plea.  On remand, Petitioner demanded a trial on the Felonious Assault charges but pled guilty to Attempted Grand Theft of a Motor Vehicle. The jury convicted Petitioner of two counts of Felonious Assault as charged in the indictment. Petitioner waived his right to a jury trial for the Repeat Violent Offender Specification and Notice of Prior Conviction  charges. The trial court found Petitioner guilty of the Specifications as charged.  On June 1, 2006, the trial court sentenced Petitioner to a total of twelve years in prison.

On June 28, 2006, Petitioner filed an Appeal.  The Court of Appeals affirmed the June 1, 2006 trial court decision. On July 20, 2007, Petitioner filed an Application for Delayed Reopening of his Appeal Pursuant to Ohio Appellate Rule 26(B).  On November

2

7, 2007, the Court of Appeals granted Petitioner's Application to Reopen, reinstated the Appeal, vacated the judgment and remanded for re-sentencing.  The trial court held a re-sentencing hearing and again sentenced Petitioner to twelve years, but corrected the amount of time of post release control to three years. On February 14, 2008, Petitioner filed his third Appeal.  On March 12, 2009, the Court of Appeals affirmed the trial court's judgment.  On March 25, 2009, Petitioner filed a Motion for Reconsideration in the Court of Appeals.  On March 26, 2009, the Court of Appeals denied reconsideration.  Petitioner filed a timely Appeal to the Ohio Supreme Court.  On July 29, 2009, the Ohio Supreme Court dismissed the Appeal.

Petitioner filed the instant Petition on November 13, 2009, asserting the following Grounds for Relief:

> **GROUND ONE:** Jury did not find the facts to support a maximum sentence.

> **GROUND TWO:** Ineffective counsel by misrepresentation.

> **GROUND THREE:** Unlawful sentence enhancement.

> **GROUND FOUR:** Insufficient evidence, evidence does not support a conviction.

On January 15, 2010, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on January 21, 2011.  On February 9, 2011, Petitioner filed a Motion for Objections and a De Novo Review, which this Court will accept as Objections to the Report and Recommendation.

**STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**ANALYSIS**

In Grounds One and Three, Petitioner contends that the jury verdict did not support his sentence. The Magistrate Judge correctly points out that federal habeas relief is not available for any "perceived error[s] of state law." *Pulley v. Harris*, 465 U.S.

4

37, 41 (1984). Petitioner never identifies a provision of federal law upon which these grounds are based.  The Magistrate Judge determined that the Court of Appeals set forth its interpretation of Ohio's Repeat Violent Offender law, applied it to Petitioner's Appeal, and found that he met its criteria.  Therefore, Grounds One and Three are without merit and are denied.

In Ground Two, Petitioner contends that he received ineffective assistance of counsel.  In Ground Four, Petitioner contends there was insufficient evidence to support his conviction.   The Magistrate Judge determined that both of these claims are procedurally defaulted by reason of *res judicata*.  In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted.  After applying the *Maupin* factors, the Magistrate Judge concluded that Petitioner raised a general ineffective assistance of counsel claim in one of his state court appeals, and the Court of Appeals  held that Petitioner could not then raise a more specific ineffective assistance of counsel argument in his later appeals. Similarly, Petitioner failed to raise his insufficient evidence claim in his second appeal.

The Court agrees that Petitioner has failed to show any potential cause for his failure to raise these issues.  Further, the Sixth Circuit has held that *res judicata* is an adequate and independent ground on which the state may rely to foreclose federal review. *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008).  Therefore, Grounds Two and Four are procedurally defaulted.

In his Motion for Objections and a De Novo Review,  Petitioner does not cite any relevant law, but merely provides an argumentative  narrative.   "A party may not file a general objection to the entirety of the magistrate's report."  *Ayers v. Bradshaw*, No.

5

3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).   "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, *supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).  Petitioner's submission  is the equivalent of an utter failure to object.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


s/Christopher A. Boyko
Date:2/14/2011        CHRISTOPHER A. BOYKO
United States District Judge